IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DEVAN MICHAEL ANTHONY, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:15cv00359 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| GERALD MCPEAK, | ) | By: Norman K. Moon |
|     Defendant. | ) | United States District Judge |

Devan Michael Anthony, a Virginia inmate proceeding *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983 against Superintendent Gerald McPeak. Having reviewed the complaint, I conclude that Anthony has failed to state a claim against McPeak and, therefore, I will dismiss his complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). Inasmuch as Anthony alleges no facts against, or conduct committed by, defendant McPeak, I conclude that he has failed to state a claim against McPeak.[1] *See, e.g., Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting a plaintiff's basis for relief "requires more than labels and conclusions . . . ."). Accordingly, I will dismiss Anthony's § 1983 action without prejudice pursuant to § 1915A(b)(1) for failing to state a claim upon which relief may be granted.

    **ENTER**: This 28th day of March, 2016.

                                              /s/ Norman K. Moon
                                              NORMAN K. MOON
                                              UNITED STATES DISTRICT JUDGE

---

[1] Anthony submitted copies of grievances with his complaint, including an appeal denied by defendant McPeak. To the extent, Anthony could be raising a claim concerning McPeak's denial of his grievance appeal, it fails. *See DePaola v. Ray*, No. 7:12cv00139, 2013 U.S. Dist. LEXIS 117182, at *23, 2013 WL 4451236, at *8 (W.D. Va. July 22, 2013) ("A superior's after-the-fact denial of a grievance falls far short of establishing § 1983 liability.").